IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEACOR MARINE LLC, | § | |
| SEACOR LIFTBOATS LLC, | § | |
| SEACOR WORLDWIDE, INC., and | § | Civil Action No: 4:15-cv-01207 |
| SEACOR HOLDINGS, INC. | § | |
| | § | |
| v. | § | Pursuant to Rule 9(h) of |
| | § | the Federal Rules of |
| FREEDOM WELL SERVICES, LLC | § | Civil Procedure - ADMIRALTY |

SEACOR MARINE LLC'S, SEACOR LIFTBOATS, LLC'S,
SEACOR WORLDWIDE, INC.'S, AND SEACOR HOLDINGS,
INC.'S COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW, Seacor Marine LLC, Seacor Liftboats LLC, Seacor Worldwide, Inc., and Seacor Holdings, Inc. (collectively "Seacor"), Plaintiffs, complaining of Freedom Well Services, LLC, Defendant, and for their Complaint for Declaratory Judgment respectfully aver as follows:

I.  THE PARTIES

1. Plaintiff, Seacor Marine LLC, is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in Houma, Louisiana.

2. Plaintiff, Seacor Liftboats LLC, is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in Houma, Louisiana.

3. Plaintiff, Seacor Worldwide Inc., is a company organized under the laws of the State of Delaware and maintains its principal place of business in Houma, Louisiana.

4. Plaintiff, Seacor Holdings Inc., is a company organized under the laws of the State of Delaware and maintains its principal place of business in Houma, Louisiana.

1

5. Defendant, Freedom Well Services, LLC ("Freedom"), is a corporation organized under the laws of the State of Texas, and has its principal place of business within this District. Freedom may be served with civil process through its registered agent for service of process John G. Hoffman at 11451 Katy Freeway, Suite 480, Houston, Texas 77079.

## II. JURISDICTION AND VENUE

6. Plaintiff brings this claim for a declaratory judgment pursuant to both FED. R. CIV. P. 57 and 28 U.S.C. §§ 2201, 2202. Jurisdiction over this case is proper in this Court pursuant to 28 U.S.C. § 1333.

7. Venue is proper in this matter pursuant to 28 U.S.C. § 1391(b), in that Defendant Freedom is a resident of the Southern District of Texas.

## III. FACTUAL BACKGROUND

8. Ronnie Davis, Jr. ("Davis"), an employee of Defendant Freedom, alleges he was injured on June 30, 2013, while participating in a personnel basket transfer from the M/V *Relentless* to the *Seacor Gale*, in the course and scope of his employment. Mr. Davis filed suit against Seacor in the lawsuit styled *Ronnie Davis, Jr. v. Freedom Well Services, LLC, et al*, cause number 2014-07143, pending in the 215th Judicial District Court of Harris County, Texas. A copy of his Original Petition is attached as Exhibit A hereto.

9. At the time of his alleged injury, Seacor and Defendant Freedom were operating under a Vessel Boarding and Utilization Agreement and Reciprocal Hold Harmless (the "Agreement"), dated June 20, 2013. A copy of the Agreement is attached at Exhibit B hereto.

10. Pursuant to Section II(B) of the Agreement, Defendant Freedom agreed to indemnify Owner Group against any and all claims for illness, injury and/or death that may be

asserted by Contractor Group, or any of Contractor Group employees, resulting from, arising out of, or in any way connected with or incident to, directly or indirectly, the services."

11. Pursuant to Section I(e) of the Agreement, "Owner" means Seacor Marine LLC and/or Seacor Liftboats LLC, all of their parents, subsidiaries, and affiliates and their successors and assigns.

12. Pursuant to Section I(g) of the Agreement, "Owner Group" means Seacor Marine LLC and/or Seacor Liftboats LLC, all of their parents, subsidiaries, affiliates, and their respective customers, invitees, contractors and/or subcontractors at any tier {except for Contractor Group), the owners., operators and charterers of the Vessels and all of their directors, officers, insurers, underwriters and the Vessels.

13. Pursuant to Section I(h) of the Agreement, "Services" means services contemplated or occurring under the Agreement, or connected with the ownership, maintenance, management, operation, transportation of passengers or cargo, loading or unloading of passengers or cargo, or the navigation of the Vessels under the Agreement.

14. Davis was an employee of "Contractor Group" as contemplated by the Agreement, and his personnel basket transfer from the M/V *Relentless* to the *Seacor Gale* constituted the loading or unloading of a passenger, within the meaning of the Agreement. Although Seacor denies liability for Davis' injuries and damages, in the event that Seacor incurs expenses for damages, either as a result of a settlement or a court judgment, or attorneys' fees for defending Davis' lawsuit, Freedom would be liable to Seacor for said expenses.

15. Further, pursuant to the Agreement, Freedom must indemnify Seacor regardless of whether Davis' alleged injuries were caused by the negligence of Seacor or by the unseaworthiness of any vessel owned, operated or controlled by Seacor.

16. Pursuant to Section III(B) of the Agreement, Freedom is obligated to carry various insurance policies naming Seacor as an additional assured. The required policies that were to be maintained by Freedom and which were to name Seacor as an additional assured included but are not limited to comprehensive general liability, employers' liability, and excess (umbrella) liability to each of the preceding.

17. On January 5, 2015, Seacor made a demand on Freedom for defense and indemnity, pursuant to the terms of the Agreement. Seacor also requested that Freedom notify its insurer that Seacor is requesting coverage under any applicable insurance policy maintained by Freedom, as an additional insured, pursuant to the Agreement. A copy of Seacor's demand for defense and indemnity is attached hereto as Exhibit C.

18. Despite amicable demand, Freedom has refused to accept Seacor's tender and has denied Seacor's demand for defense and indemnity and/or additional assured status.

### IV.   CAUSES OF ACTION

19. By failing to provide Seacor defense and indemnity, pursuant to Section II(B) of the Agreement, Freedom has breached the express terms of the Agreement.

20. Freedom and/or its insurers have also failed to honor its obligation under the additional assured provision of Section III(B) of the Agreement. Freedom has therefore breached its obligations under the Agreement.

21. As a separate and independent claim, in the event that Freedom failed to procure insurance coverage as required under the Agreement and/or Freedom failed to notify the proper carrier that Seacor is covered under an applicable policy, Freedom breached its contractual duty to procure insurance and is liable to Seacor for breach of contract for which Freedom would be

liable to Seacor for damages in an amount sufficient to cover the defense and indemnity of Seacor for the claims advanced by Davis.

22. As a result of Freedom's willful and knowing conduct, Freedom has breached the terms of the Agreement.

23. At the time of contracting, Seacor relied on Freedom's representation that Freedom would defend and indemnify Seacor and that Seacor would be named as an additional assured on insurance policies maintained by Freedom.

24. Freedom has knowingly and willfully made false representations to Seacor and has willfully and knowingly ignored its obligation to assume Seacor's defense and indemnity under the Agreement.

25. Based on Freedom' false and fraudulent representations, Seacor entered into the Agreement with Freedom.

26. Seacor has been forced to defend the underlying personal injury suit filed by Davis, and to incur additional and unnecessary expenses to file suit against Freedom to enforce the terms and conditions of the Agreement.

27. By knowingly and willfully refusing to honor the Agreement, Freedom is attempting to avoid its clear obligation to defend and indemnify Seacor. Freedom knew these representations were false, and made them with reckless disregard for the truth.

28. Seacor has incurred and continues to incur significant costs due to Freedom's false and misleading representations, which were made in bad faith.

29. Freedom is therefore liable to Seacor for any and all damages flowing from said breach, including, but not limited to, direct and/or indirect damages.

30. If Davis, is entitled to recover against Seacor, in whole or in part, for damages arising out of the allegations set forth in the Plaintiff's First Amended Petition that he filed in cause number 2014-07143, pending in the 215th Judicial District Court of Harris County, Texas, which is expressly denied, then in that event, Seacor is entitled to recover over and against Freedom and/or its insurer, by way of indemnity, contribution or otherwise, any and all sums awarded the plaintiff, plus interest, costs and attorneys' fees.

31. Freedom is thus liable to Seacor for any and all reasonable expenses incurred in the defense of this matter, including, but not limited to attorneys' fees, expert witness fees, costs of court, litigation expenses, judicial interest and/or other expenses or costs.

32. Seacor is entitled to defense and indemnity coverage under any applicable policy maintained by Freedom in effect at the time of the incident.

33. Seacor is entitled to reasonable attorneys' fees and costs expended in the prosecution of this declaratory judgment action

## V.   PRAYER

Plaintiffs respectfully pray that Defendant Freedom be cited to appear and answer herein, and that upon final hearing, Plaintiffs have judgment to include:

1. A declaration that Seacor and Freedom entered into a valid and binding Vessel Boarding and Utilization Agreement and Reciprocal Hold Harmless (the "Agreement"), dated June 20, 2013;

2. A declaration that Freedom "defend, indemnify and hold harmless" Seacor from and against any and all claims for bodily injury asserted by employees of Freedom or any Freedom contractor, including but not limited to the claims asserted by Ronnie Davis, Jr.;

3. A declaration that Freedom must indemnify Seacor from claims arising out of, or in any way connected with or incident to, directly or indirectly, the services contemplated or occurring under the Agreement, or connected with the ownership, maintenance, management, operation, transportation of passengers or cargo, loading or unloading of passengers or cargo, or the navigation of the

6

Vessels pursuant to the Agreement, which would include the work being performed by Ronnie Davis, Jr. at the time of the alleged accident, regardless of whether the alleged injuries were caused by the negligence of Seacor or by the unseaworthiness of any vessel owned, operated or controlled by Seacor;

4. A declaration that Seacor is an additional assured on any and all applicable insurance policies carried by Freedom at the time of the alleged accident made basis of the underlying lawsuit;

5. A declaration that coverage is provided to Seacor under any and all applicable insurance policies carried by Freedom at the time of the alleged accident made basis of the underlying lawsuit;

6. A declaration that Freedom has a duty to defend, indemnify and hold Seacor harmless for the claims asserted by Ronnie Davis, Jr., in cause number 2014-07143, pending in the 215th Judicial District Court of Harris County, Texas;

7. A finding that Freedom breached the Agreement;

8. Judgment against Freedom in favor of Seacor for the actual damages sustained by Seacor;

9. A finding that Freedom is liable to Seacor for fraud, and/or for other acts of negligence;

10. A finding that Freedom is liable to Seacor for reasonable and necessary attorneys' fees;

11. A finding that Freedom is liable to Seacor for its costs of court, expended or incurred, in this cause;

12. Pre-judgment and post-judgment interest as allowed by law; and

13. Such other and further relief, at law or in equity, both general and special, to which Plaintiffs may show themselves to be justly entitled.

**WHEREFORE**, Plaintiffs, Seacor Marine LLC, Seacor Liftboats LLC, Seacor Worldwide Inc., and Seacor Holdings Inc., pray that should there be judgment in favor of Plaintiff, Ronnie Davis, Jr., and against Plaintiffs, Seacor Marine LLC, Seacor Liftboats LLC, Seacor Worldwide, Inc., and/or Seacor Holdings, Inc., that Plaintiffs have judgment over and indemnity against Defendant Freedom, and that Defendant Freedom be liable for any and all

reasonable costs incurred by Plaintiffs in the defense of the claims advanced by Plaintiff Ronnie Davis, Jr. in cause number 2014-07143, pending in the 215th Judicial District Court of Harris County, Texas, and that coverage be found in favor of Plaintiffs under any and all applicable insurance policies maintained by Defendant Freedom.

Dated: May 6, 2015

Respectfully submitted,

**LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.**

/s/ *James T. Brown*
Fed. ID No. 11656; TBA 03138150
5151 Felipe, Suite 400
Houston, Texas 77056
Telephone: (713) 917-0888
Telefax: (713) 953-9470
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS SEACOR MARINE L.L.C., SEACOR LIFTBOATS, L.L.C., SEACOR WORLDWIDE, INC., AND SEACOR HOLDINGS, INC.**

**OF COUNSEL:**
Marc Evan Kutner
Fed ID No. 6238; TBA 11770575
**LEGGE, FARROW, KIMMIT, MCGRATH & BROWN L.L.P.**